B. Frank Wells, Jr. v. Commissioner.
Wells v. Commissioner
Docket No. 58557.
United States Tax Court
T.C. Memo 1958-160; 1958 Tax Ct. Memo LEXIS 66; 17 T.C.M. (CCH) 798; T.C.M. (RIA) 58160; August 27, 1958
*66 Held, that the evidence is not clear and convincing that any part of any of the deficiencies here involved is due to fraud with intent to evade tax, and additions to tax under section 293(b) of the Code of 1939 are not to be applied. L. Eugene *67 McNatt, Esq., for the petitioner. Raymond Whiteaker, Esq., and Harold G. Clark, Jr., Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in respect of petitioner's income tax and additions to tax, as follows: [1]
Additions to Tax
Section
Section
Sec. 294
Section
Year
Income Tax
293(b)
291(a)
(d)(1)(A)
294(d)(2)
1947
$ 493.47
$ 523.63
$261.81
$104.72
$ 62.84
1949
580.61
290.31
145.15
58.08
34.84
1950
575.63
287.82
143.91
57.56
34.54
1951
2,060.33
1,030.17
515.08
206.04
123.62
1952
1,845.98
922.99
461.50
184.60
110.76
1953
3,104.56
1,552.58
776.14
310.44
186.27
Petitioner does not contest any of the deficiencies or additions to tax except the additions determined for each of the years in question as due to fraud with intent to evade tax within the meaning of section 293(b). Findings of Fact Some of the facts are stipulated and are incorporated herein by this reference. Petitioner (hereinafter referred to as Wells or petitioner) *68 during the years in question resided in Albany, Georgia. Petitioner is a registered public accountant and has engaged in the practice of accounting for about 20 years. He failed to file his personal income tax returns for the years 1947 to 1953, inclusive. The year 1948, however, is not in issue. During the years in issue, petitioner's gross income, business expenses, and net income were as follows: 1947
1949
1950
1951
1952
1953
Gross
$17,371.00
$17,532.32
$16,682.50
$21,920.50
$20,811.50
$24,855.23
Income
Expenses
9,861.90
11,216.62
10,530.25
10,336.71
10,440.96
11,702.51
Net Income
$ 7,509.10
$ 6,315.70
$ 6,152.25
$11,583.79
$10,370.54
$13,153.72
Wells, who was president of his senior class, was graduated from the Georgia Institute of Technology night school and received the degree of Bachelor of Science with honors. Petitioner worked for a public accounting firm for about 7 years after graduating from college. Thereafter, he practiced accounting as an individual and has continued to do so to the present time. His primary interest in the accounting field was originally in the areas of cost accounting and auditing *69 but for a number of years tax work has consumed substantially all of his time. Petitioner has been the auditor for the City of Albany, Georgia, and the County of Dawson. During the years in question he had a substantial accounting practice with about 288 clients in each of said years. Included in the services he rendered for these clients was the preparation of income tax returns both for the State and Federal governments. Some of his clients were partnerships, and petitioner prepared returns for the individual partners as well as the partnerships, and the number of Federal income tax returns prepared for each year exceeded the number of listed clients. Petitioner has also had experience in estate tax matters and has been the accountant for estates ranging in value from $100,000 to $400,000. He has held a Treasury Card and has represented clients before the Treasury Department. Petitioner kept records of his gross receipts on cards which were maintained for each of his clients. In addition to the cards, he also kept chronological records of fee payments. At the end of each year, petitioner totaled his gross income. He did not keep formal records of his business expenses. Petitioner *70 admitted that he knew he was required to file income tax returns, but did not do so for any of the years in question. Prior to March 15, following each of the years involved, petitioner requested from the proper authorities extensions of time within which to file his own returns. Extension of time to file was granted to him until September 15 of each year following the taxable year involved. At the same time, in the regular course of his accounting practice, petitioner requested extensions of time within which to file returns for a large number of his clients. The final date of a number of the extensions was September 15 of the year following the taxable year involved. For the year 1947, he filed all of the returns for his clients within the extension period. He did not, however, file his own personal return by the end of such period. He realized that by failing to file his return by the end of such period, he had violated the law with respect to 1947. Once having violated it, he did not file for the succeeding years in question. Petitioner entered a plea of nolo contendere to a criminal information of twelve counts, including two in which the charges were that he wilfully failed *71 to file income tax returns for the years 1952 and 1953 in violation of section 145(a) of the Code of 1939. The United States District Court for the Northern District of Georgia found the petitioner guilty and sentenced him to pay a fine of $1,000 and placed him on probation for a period of 3 years. Opinion Petitioner accepts respondent's determination of deficiencies and additions to tax except the additions to tax based upon fraud with intent to evade tax under section 293(b) of the Code of 1939. We limit our discussion accordingly. Where the issue involves additions to tax under section 293(b), the burden rests upon respondent to prove fraud by clear and convincing evidence. . Respondent takes the position that we must infer fraud from the fact that petitioner, an intelligent and well educated individual, who was and is a public accountant specializing in income tax, and who fully realized that his net income during each of the years in question was sufficient to require him to file income tax returns and pay income taxes, nevertheless wilfully failed to file such returns or pay such taxes. Respondent also points to the fact that *72 for the years 1952 and 1953, petitioner, on plea of nolo contendere to charges based on wilful failure to file income tax returns (section 145(a)), was found guilty, fined $1,000, and placed on probation for 3 years. It is to be noted, however, that there was no charge of violation of section 145(b). We think the facts here presented differ materially from those in . In Acker, taxpayer maintained no books of account as such from which his gross income could be determined. Some items of his income were not disclosed because the property which produced the income was held in names other than that of taxpayer, including an investment in the names of his children. Acker also failed to furnish statements of opening and closing assets for certain years involved, although requested to do so by a revenue representative. Thus, in Acker there were affirmative acts and corroborating indicia of fraud which are not here present. , on appeal C.A. 5, 9/26/56, is likewise distinguishable. In that case, as in Acker, there was evidence of fraudulent intent to evade taxes. As we said, in part (pp. 1104-5): *73 "* * * Raymond did not want to use his money or have it taken to pay the taxes which the returns would show to be due, because he chose to use his money instead for other purposes, including the expansion of his business in some or all of the taxable years." In the instant case, if fraud is to be found, it must be inferred, on the record before us, solely from wilful failure to file returns or pay taxes. We, of course, do not condone petitioner's failure to comply with the requirements of the law, which failure was particularly reprehensible for a man in his position. The law, however, provides specific criminal sanctions for wilful failure to file a return or pay a tax (section 145(a) of the Code of 1939), as well as additions to tax in case of failure to file a return unless such failure is due to reasonable cause and not to wilful neglect (section 291(a)). Before these wrongful failures may be translated into fraud as well, there must be clear and convincing evidence of fraudulent intent. Upon consideration of the record as a whole, we do not find such clear and convincing evidence. On the other hand, there is at least some evidence to corroborate petitioner's express denial *74 of fraudulent intent. We need hardly say that we listened to petitioner's protestations of lack of such intent with marked skepticism, since his self-interest was obvious, and his failure to file returns or pay taxes made it even more difficult to believe him. Nevertheless, upon careful observation of him at the trial, and consideration of circumstantial corroborating factors disclosed by examination of the entire record, we have come to the ultimate conclusion that he was a truthful witness. In relation to the views expressed above, we point out that petitioner did keep complete records of his gross income and furnished those records to the investigating agents. They were test-checked by the agents, found to be accurate, and incorporated in the statutory notice. Detailed records of deductions were not kept, but this was to petitioner's detriment, tax-wise, and does not indicate intent to defraud. Respondent, of course, allowed only those deductions which were substantiated to his satisfaction. Moreover, for each of the years in question, petitioner filed a written request with the appropriate revenue official for an extension of time to file his return. In each year, one or more *75 extensions were granted. The filing of such requests was, in our opinion, inconsistent with an intent to conceal from the internal revenue service the fact that petitioner was required to file a return and pay a tax. Petitioner was less likely to escape the notice of revenue officials than if he had filed nothing at all. The revenue agent testified that petitioner had about 288 clients in each year in question for whom he made out returns. Some of the clients were partnerships and petitioner made out returns for each partner, so that the total number of returns was greater than 288, exclusive of State returns. He also had some estate tax work. Taken as a whole, we think it clear that the burdens which petitioner undertook were quite onerous. Of course, petitioner should have undertaken no more work than he could properly attend to. He recognized this, and on at least one occasion, attempted to cut down the amount of his work. The fact that his work load was excessive tends to support his explanation that his failure to file his own returns was due to overwork and confusion of mind. On the question of petitioner's intent, we have, of course, given full consideration to the fact *76 that his failure to file or pay taxes extended over a period of 6 years, and that his failure over such a period was especially reprehensible despite his explanation that, once delinquent (for 1947) and knowing that he was subject to prosecution therefor, he, in effect, threw up his hands. It is likewise to be noted, however, that he has not only been prosecuted therefor, but is also liable (as he concedes in the record) for the appropriate additions to tax for failure to file returns. This does not, of itself, however, require an inference that he was also guilty of fraud with intent to evade taxes, or that he should be penalized by additions to tax for delinquencies of which fraud is a necessary element when such fraud is not established by clear and convincing evidence. We hold that, taking all of the circumstances into consideration, the evidence of fraud is not clear and convincing. It follows that additions to tax for fraud under section 293(b) are not to be applied for any of the years in question. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Code of 1939 unless otherwise specified.↩